In the Matter of the Claim of LAWRENCE DE TORIO, Respondent, against HILLS BROTHERS COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its carrier from a decision and award made by the Workmen's Compensation Board for disability resulting in reduced earnings at the rate of $12 per week. Claimant suffered from an epigastric hernia as the result of heavy lifting. He was paid compensation, and was also operated on twice for relief from the condition, but there was a recurrence of the herniated condition each time. The proof is clear that he was disabled without the use of some support in the area where the hernia existed. Appellants' sole point is that if he wears a truss he can work, and therefore he was not disabled between certain periods which the award covers. We cannot say as a matter of law that the board could not find disability under the circumstances. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

In the Matter of the Claim of EDWARD SMOLES, Respondent, against ALLEGHENY LUDLUM STEEL CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant is a billet grinder in a steel plant. On January 7, 1951, a chip of metal from a grinder flew into his left ear and punctured the ear drum. The metal was removed by a physician, leaving a perforation and some local inflammation. The specialist who treated claimant medically reported that the ear drum "appeared hemorrhagic". Claimant, whose hearing could have been found to have been good before this accident, later suffered a loss of hearing in the left ear. Another specialist who examined him reported that he had a loss of 85% of the hearing of that ear and testified to the firm opinion that loss of hearing was due to the injury. The physician who first had treated the claimant testified that the loss of hearing could not be the result of this accident. In an earlier letter, however, he had expressed the view that "It is possible" to have adhesions form in the middle ear "after an accident as described" which will result in a hearing loss, and that "If the hearing was normal" before the accident, the hearing loss "may be attributed to the accident". Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.