■     In the Matter of the Claim of GEORGE F. FEY, Respondent, against REPUBLIC AVIATION CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and the carrier appeal from a decision and award of the Workmen's Compensation Board in favor of the claimant, which reversed a decision of the referee. Claimant worked for the employer and in December, 1953, as the result of exposure to "Renite", a plastic preparation, he contracted dermatitis of the hands and wrists, from which condition he continued to suffer in varying degrees without losing time from his employment until June, 1955 when he took sick leave. In September, 1955, he resigned from his employment for reasons other than the condition mentioned herein. On November 4, 1955, he filed a claim for compensation and the board found that he became disabled because of his previous exposure to "Renite" and further found his earning capacity was reduced to 75% from September 16, 1955 to March 2, 1957, on which date he was still disabled. The appellants contend that on the said date he was not disabled but being 67 years of age, he decided to retire because of ill health not associated with the claim although they do not dispute that on the day of his retirement he was still suffering from the occupational disease. Some time after leaving he became a police officer at $33 per week whereas he had earned from his employer an average of $113.65 per week. There is no dispute that claimant contracted this disease in the course of and out of his employment; that he continued to suffer from it in varying degrees while working for the employer and was suffering from the effects of it at the time of the termination of his employment. There was sufficient evidence from the testimony to sustain the findings of the board of partial disability and marked limited working capacity. (*Matter of De Torio* v. *Hills Bros. Co.,* 283 App. Div. 758; *Matter of Hawes* v. *Gerhard Lang Brewery,* 277 App. Div. 814, affd. 302 N. Y. 665.) Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.