■ In the Matter of the Claim of ARTHUR FROMM, Respondent, v. ROCHESTER TELEPHONE CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

REYNOLDS, J. Appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board on the grounds that there is no substantial evidence to support the board's finding of reduced earnings due to partial disability. Claimant, a cable repairman, suffered a fractured pelvis in 1948. As a result his duties were lightened, but he suffered no reduction in wages. In July of 1961 claimant was mandatorily retired at age 65. After leaving work he received the maximum unemployment benefits to which he was entitled, plus social security and a pension. Then he sought workmen's compensation as well claiming that his disability, which is conceded, has prevented him from obtaining employment. Appellant asserts that it is his age rather than his disability which prevents claimant from securing employment. It is clear that if the reduced earnings are caused solely by claimant's old age, the general economic conditions of the community, or any such causative factor other than his disability, claimant is not entitled to an award (*Matter of Haynos* v. *American Brass Co.*, 8 A D 2d 870; *Matter of Roberts* v. *General Elec. Co.*, 6 A D 2d 43). On the other hand if the disability was the cause or even a contributing factor to reduced earnings an award may be made (e.g., *Matter of Croce* v. *Ford Motor Co.*, 307 N. Y. 125; *Matter of Winber* v. *Gottlieb Adorn Print. Co.*, 19 A D 2d 913). The resolution of this issue in a given case is factual and thus the board's determination if based on substantial evidence is not reviewable (e.g., *Matter of O'Connell* v. *New York State Workmen's Compensation Bd.*, 14 A D 2d 945). In the instant case claimant testified on direct examination that he went to various businesses searching for work, that he explained his disability and what work he was physically restricted to and that the only offers he received were at positions he was physically unable to accept. On cross-examination, however, claimant unexplainedly refuted completely his prior testimony. When asked if he told

the prospective employers he visited that he had a disability, he replied: "No, I didn't tell them that.", and when asked if the reason he had been refused work was because of his disability, he stated: "They didn't turn me down before that because they didn't have no jobs at the present time when I went out there." In addition the employer questioned the personnel representatives of those businesses at which claimant said he had sought work and all testified that he would not have been hired at that time either because he was too old for the position available or because they were not then hiring anybody. On this confused state of the record the board made the following decision: "He also testified that since February 1961 he had been looking for sedentary work but could not find a job and that he would be willing to go back to his old job working full time if he had a helper. After review the Board finds that the substantial evidence establishes causal relation between claimant's disability and lack of employment and that claimant has not removed himself from the labor market." We find this decision legally insufficient. It is obvious, of course, that he could not return to his old job, not because of his disability, but because his retirement was compulsory. Further we cannot tell from the board's finding that claimant could not obtain "sedentary" work, whether the board determined as a question of fact that he was limited to such "sedentary" work because of his disability or claimant merely sought such work because of his age. Nor does the record, with claimant's totally ambiguous testimony and the testimony of the personnel officers rebutting any idea that claimant was refused employment because of his disability, satisfactorily resolve this enigma. For this reason the case must be remitted for further clarification of this issue. Decision reversed and case remitted for further proceedings not inconsistent herewith, with costs to appellant against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.