■ In the Matter of the Claim of FRANK YAMONACO, Respondent, v. UNION CARBIDE CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board awarding the claimant compensation benefits for a 25% loss of earning capacity. On January 14, 1964 the claimant sustained a work-connected injury to his back but continued to work regularly for the employer at lighter tasks until September 1, 1970 when he retired on an early disability retirement after the entire department of the employer's operation in which he was then employed was shut down. The board found that claimant's retirement was not voluntary in that he "was retired by the employer because of his overall disabling condition" and that he had "partial disability due to his causally related back pathology which limits his earning capacity to the extent of 25%." Appellants urge that these determinations are not supported by substantial evidence and thus cannot be upheld. If a claimant voluntarily withdraws from the labor market, and if this voluntary withdrawal is the sole cause of his present loss of earnings, then an award of compensation cannot stand (*Matter of Schuster* v. *Taubman,* 29 A D 2d 697). Similarly, if reduced earnings are caused solely by claimant's old age, the general economic conditions, or any other factor unconnected with his disability, he is not entitled to an award (*Matter of Stickley* v. *Alco Prods.,* 36 A D 2d 871; *Matter of Fromm* v. *Rochester Tel. Corp.,* 22 A D 2d 728). However, the fact claimant retires or is laid off from his job does not preclude an award where there is a subsequent loss of wage-earning capacity which is due to claimant's disability rather than to factors unconnected with his disability (*Matter of Boyle* v. *Gatti,* 40 A D 2d 1063; *Matter of Rigatti* v. *Lollo & Sons,* 31 A D 2d 871; *Matter of O'Connell* v. *New York State Workmen's Compensation Bd.,* 14 A D 2d 945, mot. for lv. to app. den. 11 N Y 2d 641). And an award for reduced earnings is sustainable where there is substantial proof of the effect of claimant's disability upon his postretirement earnings, or if the disability is even a contributing factor (*Matter of Yankoski* v. *Carborundum Co.,* 32 A D 2d 593; *Matter of Luizzi* v. *Tobin Packing Co.,* 29 A D 2d 1016; *Matter of Fromm* v. *Rochester Tel. Corp., supra*). Whether or not, in a given case, a claimant's accidental disability causes or contributes to reduced earnings after retirement is a factual question for determination by the board and thus, if the board's determination is supported by substantial evidence, an award must be upheld (*Matter of Schmitt* v. *Alpha Delti Phi Fraternity House,* 33 A D 2d 1082, mot. for lv. to app. den. 27 N Y 2d 481; *Matter of Haar* v. *Strauss-Duparquet,* 29 A D 2d 726, mot. for lv. to app. den. 21 N Y 2d 646). In the present case, while it is conceded that claimant has a permanent par-

tial disability, there is no evidence in the record that such disability contributed to reduced earnings after retirement. The record does contain testimony by Dr. Slepian, who treated claimant for his back injury from 1964 to 1966 and who also examined claimant after his retirement at the board's direction, that the claimant had a minimal partial disability of a permanent nature, but he did not testify that this disability was related to claimant's present earning capacity, or even directly to claimant's retirement. Similarly, while the claimant's testimony indicates that his decision to take an early retirement was the result of a combination of facts, namely, his overall disabling condition due to his heart condition, diabetes, and possibly his back disability; the department shutdown; and the opportunity to receive an early disability retirement, there is absolutely no evidence in the record that his back difficulty is a factor which contributed to his lack of employment. The record contains no evidence that claimant ever sought to secure employment after his retirement, or that he is unable to work because of his physical condition, which may or may not include his back disability as a contributing factor. Rather, claimant testified that, if his job was still available, he would have continued working. Thus, we are presented with a record that neither establishes that claimant's retirement was due solely to factors unrelated to his disability (cf. *Matter of Mazziotto* v. *Brookfield Constr. Co.*, 40 A D 2d 245) nor that either claimant's retirement was mandatory and was caused or contributed to by his back disability or claimant had sought employment and was limited in that search by his back disability, and thus the present award cannot be sustained (*Matter of Boyle* v. *Gatti, supra*). Accordingly, the matter must be remitted for additional evidence and findings on the issue of causation. Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.