■ In the Matter of the Claim of ANTHONY ACUNZO, Respondent, v NEWSDAY, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. 

Claimant, a district circulation manager for Newsday, Inc., injured his back on April 8, 1981 while unloading 50-pound packets of newspapers from a delivery truck. He received

medical attention and was paid, voluntarily, by the employer pending his return to work on May 4, 1981. On September 30, 1982, claimant retired and thereupon filed for unemployment insurance benefits, apparently on the basis that his back injury forced him to leave his employment. However, benefits were denied on the ground that claimant left his employment for "non-compelling" reasons.

Claimant then applied for workers' compensation benefits contending that his back injury was the cause of his retirement. A Workers' Compensation Law Judge awarded benefits by decision dated November 23, 1983, finding that claimant's retirement was based in part on his injury. The employer appealed to the Workers' Compensation Board (hereinafter the Board) arguing, *inter alia,* that the decision in the unemployment insurance proceeding collaterally estopped any consideration of whether claimant retired because of his injury. The appeal to the Board resulted in referral to an impartial specialist to determine if claimant's injury disabled him at the time of retirement; thereafter, the Board found that the injury had contributed at least in part to claimant's retirement and was continuing, and set the case down for making awards. Awards were made and the case returned to the Board, which, due to certain factual misapprehensions by the impartial specialist, restored the matter to the Trial Calendar by decision dated January 20, 1987 and May 4, 1987 for further development of the record as to causal relationship of disability and retirement. The Board found, however, on the issue of collateral estoppel, that the unemployment insurance proceeding dealt with whether claimant's injury *required* retirement, not whether it was a *factor* in his retirement. This appeal by the employer ensued.

We agree with the contention of the Board that the appeal must be dismissed since its decision was nonfinal and thus nonappealable *(see, Matter of Michalko v City of New York,* 39 AD2d 979).

In workers' compensation proceedings, an appeal will be dismissed if it neither disposes of all substantive issues nor involves a threshold legal issue which may be dispositive *(see, Matter of Harris v Carborundum Co.,* 72 AD2d 869; *Matter of McDowell v La Voy,* 59 AD2d 995). Here, the case was sent back for testimony as to disability and its relation to retirement, a substantive issue. Collateral estoppel as a threshold legal issue does not dictate a contrary conclusion, for it seems clear to us that the issue is not dispositive. Even if it were found conclusive as to claimant's retirement, claimant could

still be awarded workers' compensation benefits following retirement if it were found that, although claimant's retirement was not causally related to his injury, the injury impacted on claimant's desire to work after he had retired. This is due to the fact that a claimant may recover benefits, even if he retires for reasons other than his disability, if the disability adversely effects postretirement earnings *(see, Matter of Yamonaco v Union Carbide Corp.,* 42 AD2d 1014; *Matter of Fey v Republic Aviation Corp.,* 6 AD2d 928, *lv denied* 5 NY2d 707).

Appeal dismissed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.