■ In the Matter of the Claim of Ivan Ilovar, Appellant, v Consolidated Edison et al., Respondents. Workers' Compensation Board, Respondent. [814 NYS2d 349]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed December 22, 2004, which ruled that there was no causal relationship between claimant's asbestosis and his loss of earnings.

Claimant was employed by Consolidated Edison for 23 years. During that time he was diagnosed with nonwork-related asthma and he suffered a nonwork-related heart attack. He was also exposed to asbestos. In September 1993, when he was 61 years old, claimant retired after accepting an early retirement incentive that granted him five additional years of service. In 1999, he was diagnosed with work-related asbestosis. His ensuing claim for workers' compensation benefits was then established for an occupational disease, the date of disablement was set as December 14, 1999 and he was initially classified with a permanent partial disability. In a decision dated November 28, 2001, a panel of the Workers' Compensation Board observed that, contrary to claimant's contention, his asbestosis could not have been a factor in his decision to retire in 1993 because he had not been found to have that disabling condition before 1999. For this reason, the Board held that the issue of whether he had voluntarily withdrawn from the labor market arose as of the date of disablement. The case was restored to the hearing calendar for further development, and claimant was found to

have an overall permanent total disability that was 75% causally related to asbestosis. In a decision dated December 11, 2003, another Board panel determined that inasmuch as claimant had been retired for six years and had no postretirement earnings, his continued absence from the labor market after the date of disablement would support a finding of no causally related loss of earnings. Following further proceedings in which claimant stipulated that he had not looked for work after the date of disablement, the Board issued the decision from which he now appeals. In it, the Board found that he had no wages and sought no employment at any time after he retired and, therefore, he failed to show that his asbestosis had caused a loss of earnings.

Although the Board's earlier decisions suggest that claimant's failure to seek employment after the date of disablement was deemed a voluntary withdrawal and claimant argues as if that were the Board's holding, its most recent decision makes clear that it recognized that claimant had already withdrawn for reasons other than his asbestosis and found, instead, that there was simply no proof of any loss of earnings caused by his asbestosis. Inasmuch as claimant had no earnings to lose on the date of disablement and did not seek employment thereafter, we affirm.

To be sure, even though claimant's disability was not a cause of his retirement, he still could have been awarded workers' compensation benefits if there had been substantial evidence of the adverse effect of his disability on his postretirement earnings (*see Matter of Acunzo v Newsday, Inc.*, 140 AD2d 817, 819 [1988]; *Matter of Fabrizio v J.R.J. Concrete Corp.*, 96 AD2d 611, 611 [1983]; *Matter of Yamonaco v Union Carbide Corp.*, 42 AD2d 1014, 1014 [1973]). However, since claimant had never held or sought employment after retiring, either before or after the date of disablement, the record is devoid of proof that he lost earnings for any reason other than his withdrawal from the labor market in 1993. Notwithstanding the futility of seeking employment once claimant was totally disabled, substantial evidence supports the Board's factual finding of no causally related loss of earnings, and it will not be disturbed (*see Matter of Yamonaco v Union Carbide Corp., supra* at 1014; *Matter of Mazziotto v Brookfield Constr. Co.*, 40 AD2d 245, 248 [1972]; *cf. Matter of Calogero v State Ins. Fund*, 53 AD2d 726, 726 [1976]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.