◼ In the Matter of JOSE M. RENTERIA, Respondent, v SANTINO's CAFÉ et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [879 NYS2d 638]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed May 7, 2008, which, among other things, ruled that claimant did not suffer a new accident and injury.

Claimant, a chef, sustained a work-related injury to his back in May 2007 and did not return to work. Approximately five

months later, while visiting his mother in Florida, worsening pain prompted him to seek medical attention at an emergency room. Inasmuch as a report completed at the time of his examination there included a notation that claimant "twisted his back again," his employer and its workers' compensation carrier asserted that claimant had suffered a new accident and injury unrelated to his employment, and that claimant had voluntarily withdrawn from the labor market even though his physician had authorized his return to light-duty work as of July 24, 2007. Following a hearing, a Workers' Compensation Law Judge determined that claimant did not suffer a new accident and that he remained attached to the workforce. Upon review, the Workers' Compensation Board affirmed that determination, prompting this appeal from the employer and the carrier.

We affirm. "Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed" (*Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer*, 272 AD2d 808, 808 [2000] [citation omitted]). The Board, furthermore, has "broad authority to resolve factual issues based upon the credibility of witnesses" (*Matter of Lombardo v Ford Motor Co.*, 289 AD2d 735, 736 [2001]). Here, claimant testified that his efforts to find work were unsuccessful because prospective employers were hesitant to give him a job until he was "fully cleared to work." Although such efforts were limited to employment in the restaurant industry, we find no basis upon which to disturb the Board's decision that the 34-year-old claimant conducted a job search within his medical restrictions (*see generally Matter of Peck v James Sq. Nursing Home*, 34 AD3d 1033, 1033 [2006]) inasmuch as he had been working in restaurants for the previous 15 years.

The Board's determination that claimant exacerbated an existing injury, as opposed to suffering a new accident, is similarly supported by substantial evidence. Claimant disputed the notation on the emergency room records and testified that the pain in his back became more severe while he was in Florida and that he sought treatment in the emergency room only after being instructed to do so by his treating physician in New York. Given the Board's exclusive authority to judge witness credibility and evaluate whether the testimony of a witness is worthy of belief, we decline to disturb its decision (*see Matter of Wilson v Southern Tier Custom Fabricators*, 51 AD3d 1228, 1229 [2008]).

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.