◾ In the Matter of ALFREDO PARRELLI, Appellant, v ATLANTIC CONSTRUCTION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [889 NYS2d 125]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed June 11, 2007, which ruled that there was no causal relationship between claimant's asbestos-related pleural disease and his loss of earnings.

Claimant sustained a work-related injury to his right hand in 1997. He filed a workers' compensation claim and was ultimately found to have suffered a permanent partial disability and received a lump-sum settlement. Claimant did not return to work following his hand injury and, due in part to that injury, he applied for disability retirement in 1998.

Claimant filed the present workers' compensation claim in 2000, alleging that he suffered from a lung disease caused by his workplace exposure to asbestos. A Workers' Compensation Law Judge established the claim and, among other things, awarded claimant lost wages from September 2001 through

December 2006. Upon review, the Workers' Compensation Board eliminated that award, determining that claimant retired for reasons unrelated to his lung condition and lost no wages as a result of it. This appeal ensued.

We affirm. The Board determined, and claimant does not dispute, that his retirement was due to physical ailments other than his lung disease and that he never lost any time from work as a result of a lung condition. Claimant would nevertheless be entitled to workers' compensation benefits if his lung disease adversely affected his postretirement earnings (*see Matter of Ilovar v Consolidated Edison*, 28 AD3d 1026, 1027 [2006]). Here, claimant testified that his right hand injury had resolved by 2001 and that he would have returned to work but for his doctor's direction to avoid asbestos or dust exposure. He admittedly did not, however, make any effort to find work within his medical limitations. Given claimant's failure to look for appropriate work and the lack of any showing that lung disease affected his earning capacity, the Board's determination is supported by substantial evidence (*see id.*; *Matter of Louman v Premier Staffing, LLC*, 12 AD3d 815, 815 [2004]; *Matter of Yamonaco v Union Carbide Corp.*, 42 AD2d 1014, 1014-1015 [1973]).

We have considered claimant's remaining argument and find it to be without merit.

Peters, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.