In the Matter of the Claim of FREDERICK SMITH, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [890 NYS2d 698]—

Kavanagh, J.

In the course of his employment with Consolidated Edison Company of New York, Inc., claimant was exposed to dust while working in lower Manhattan following the terrorist attacks of September 11, 2001. While claimant was subsequently diagnosed with reactive airway disease and his claim for workers' compensation benefits was established in 2004, he sustained no compensable lost time and continued to work until he retired on February 1, 2007. At that time, hearings on his claim for workers' compensation benefits were held and a Workers' Compensation Law Judge determined that claimant was not entitled to a reduced earnings award because, even though permanently partially disabled, he had voluntarily withdrawn from the labor market due to his refusal to accept a light duty assignment.

In September 2007, claimant began working two to three hours each week as a school crossing guard and submitted a request for further action on his claim for workers' compensation benefits. After a hearing, the Workers' Compensation Law Judge ruled that claimant had demonstrated that he was entitled to a reduced earnings award, excluding the seven-month period immediately following his retirement from Consolidated Edison before he began his part-time employment as a school crossing guard. The Workers' Compensation Board affirmed that determination, prompting this appeal by the employer and its claims administrator.

We reverse. Since claimant had voluntarily retired from his position with Consolidated Edison in February 2007, he was obligated, before obtaining a reduced earnings award, to demonstrate that he had attempted to obtain employment that took into account the restrictions caused by his disability (*see Matter of Mills v J.C. Penney*, 59 AD3d 755, 756 [2009]; *Matter of Peck v James Sq. Nursing Home*, 34 AD3d 1033, 1034 [2006]). In particular, he was required to demonstrate that his earning capacity and his ability to find comparable employment had been adversely affected by his disability (*see Matter of Rothe v United Med. Assoc.*, 18 AD3d 1093, 1094 [2005]; *Matter of Hare v Champion Intl.*, 303 AD2d 799, 800 [2003]). In that regard, claimant presented no evidence that his ability to earn an income had been reduced because he was disabled (*see Matter of Petrillo v Cooke*, 60 AD3d 1115, 1116 [2009]; *Matter of Thompson v Saucke Bros. Constr. Co.*, 2 AD3d 993, 993-994 [2003], *lv denied*

2 NY3d 703 [2004]). In fact, he failed to demonstrate that other factors totally unrelated to his disability did not have an adverse affect on his earning capacity, and acknowledged that his limited work schedule is dictated by his employer's needs and not by his disability (*see Matter of Turetzky-Santaniello v Vassar Bros. Hosp.*, 302 AD2d 706, 707-708 [2003]). Claimant also testified that, since his retirement, he submitted numerous applications for both part-time and full-time employment, and that one of those positions involved work similar to that which he performed while employed by Consolidated Edison. Significantly, claimant admits that he has not informed any of these prospective employers that he is disabled or that his ability to work is in any way impaired by his disability. Accordingly, claimant has failed to meet his burden of establishing that his reduced earnings are attributable to his disability, as opposed to age, existing economic conditions, or other factors that are not in any way related to his disability (*see Matter of Turetzky-Santaniello v Vassar Bros. Hosp.*, 302 AD2d at 707-708). As a result, the Board's decision that he is entitled to a reduced earnings award is not supported by substantial evidence.

Cardona, P.J., Mercure, Spain and Malone Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.