■ In the Matter of the Claim of DONALD E. BALINT, Appellant, v NYS DEPARTMENT OF CORRECTIONS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [915 NYS2d 335]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed October 13, 2009, which ruled that claimant voluntarily withdrew from the labor market.

Claimant, a correction lieutenant, was found to have sustained work-related injuries when a chair in which he was sitting collapsed. He performed his regular duties for well over a year following the accident, but felt that he could no longer do his work properly, retired and sought postretirement benefits. The Workers' Compensation Board ultimately determined that, while claimant had sustained a permanent partial disability, he had voluntarily retired and was not entitled to those benefits. Claimant now appeals.

We affirm. Whether claimant's retirement constituted a voluntary withdrawal from the labor market presented a factual determination for the Board that will not be disturbed if substantial evidence in the record supports it (*see Matter of*

*LeFever v City of Cortland Fire Dept.*, 66 AD3d 1061, 1062 [2009], *lv denied* 13 NY3d 716 [2010]; *Matter of Danussi v Chateaugay A.S.A.C.T.C.*, 56 AD3d 856, 856 [2008]). Here, claimant continued to work without restriction after his accident and missed minimal time from work aside from that required for medical appointments. He nevertheless successfully applied for service retirement benefits, leaving his separate application for performance of duty disability retirement benefits unresolved at the time of his retirement. Moreover, claimant conceded that the decision to retire was his alone and that he had not been medically advised to do so. Claimant's treating orthopedist indicated that he could work without restriction, and an orthopedic surgeon who conducted an independent medical examination of claimant opined that he remained capable of working as a correction lieutenant. Claimant's search for work is also relevant in determining in the first instance if his disability caused or contributed to his loss of wages, and it is notable that he found full-time employment elsewhere less than four months after retiring (*see Matter of Laing v Maryhaven Ctr. of Hope*, 39 AD3d 1125, 1126 [2007], *lv denied* 9 NY3d 805 [2007]; *Matter of Louman v Premier Staffing, LLC*, 12 AD3d 815, 815-816 [2004]). Despite the presence of evidence in the record that could justify a different result, substantial evidence thus supports the Board's determination that claimant's disability did not contribute to his decision to retire (*see Matter of Danussi v Chateaugay A.S.A.C.T.C.*, 56 AD3d at 856-857).

Substantial evidence also supports the Board's determination that claimant was not entitled to reduced earnings benefits. As claimant voluntarily retired, he was required to demonstrate that his employment search took into account any limitations imposed by his disability and, in particular, "that his earning capacity and his ability to find comparable employment had been adversely affected by his disability" (*Matter of Smith v Consolidated Edison Co. of N.Y., Inc.*, 68 AD3d 1299, 1300 [2009]; *see Matter of Turetzky-Santaniello v Vassar Bros. Hosp.*, 302 AD2d 706, 707 [2003]). Claimant submitted no evidence to demonstrate that his disability played a role in his decision to accept a lower paying job after retiring and, as such, the Board properly declined to award him reduced earnings benefits.

We have considered claimant's remaining argument and found it to be without merit.

Cardona, P.J., Mercure, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.