■ In the Matter of the Claim of ROBERT B. LAUNER, Appellant, v EURO BROKERS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [983 NYS2d 128]—

Stein, J. Appeals (1) from a decision of a panel of the Workers' Compensation Board, filed November 21, 2011, which ruled, among other things, that claimant was not entitled to an award of reduced earnings subsequent to January 1, 2007, and (2) from a decision of the full Board, filed January 10, 2013, which adhered to the Board panel's decision.

Claimant worked as a corporate bond broker for the employer on the 84th floor of the World Trade Center South Tower and escaped when the events of September 11, 2001 transpired. After a brief absence from the work force, claimant worked for several different companies in the same capacity and was a principal in several companies created for the purpose of engaging in bond trading. Thereafter, commensurate with a transition into the financial services field and a corresponding reduction in income, claimant filed a claim for workers' compensation benefits in December 2008. A claim was established for work-related posttraumatic stress disorder (hereinafter PTSD) and, in March 2011, a Workers' Compensation Law Judge classified claimant with a permanent partial disability and granted reduced earnings benefits beginning January 1, 2007 and continuing. The employer and its workers' compensation carrier appealed and a panel of the Workers' Compensation Board modified, in a split decision, finding that claimant's reduction in earnings was not a consequence of his compensable disability. Claimant appealed from that decision and also sought reconsideration and/or full Board review. Thereafter, the full Board also determined that claimant's reduction in earnings was not attributable to his PTSD and claimant also appeals from that decision.*

We affirm. In a non-schedule permanent partial disability case where an involuntary withdrawal has not been established, the claimant bears the burden of demonstrating that his or her reduced earning capacity is due to the disability and not to un-

---

\* The right to appeal from the Board panel's decision terminates upon the superceding decision of the full Board and, as a result, claimant's appeal therefrom must be dismissed (*see generally* Workers' Compensation Law § 23).

related factors such as age or general economic conditions (*see Matter of Zamora v New York Neurologic Assoc.*, 19 NY3d 186, 191-192 [2012]; *Burns v Varriale*, 9 NY3d 207, 216 [2007]; *Matter of Tawil v Fallsburg Cent. Sch. Dist.*, 106 AD3d 1314, 1315 [2013]; *Matter of Smith v Consolidated Edison Co. of N.Y., Inc.*, 68 AD3d 1299, 1301 [2009]). Whether reduced earnings are causally related to the compensable injury is a question of fact for the Board to resolve and its determination will not be disturbed when supported by substantial evidence (*see Matter of Tawil v Fallsburg Cent. Sch. Dist.*, 106 AD3d at 1315; *Matter of Fisher v Bothar Constr.*, 49 AD3d 1042, 1043 [2008]). Furthermore, the Board has broad authority to resolve questions of credibility and to draw reasonable inferences from the evidence in the record (*see Matter of Rolleri v Mastic Beach Ambulance Co., Inc.*, 106 AD3d 1292, 1293 [2013], *lv denied* 21 NY3d 865 [2013]; *Matter of Klamka v Consolidated Edison Co. of N.Y., Inc.*, 84 AD3d 1527, 1528 [2011]).

Here, claimant seeks causally related reduced benefits premised on the allegation that he is no longer able to engage in his former profession as a corporate bond broker. However, the record demonstrates that, shortly after the events that gave rise to claimant's compensable condition, he acquired employment as a corporate bonds broker with a company based in New Jersey, but left employment with that company after seven months because he no longer wished to commute from his home on Long Island. Claimant then went to work in the same capacity for a Long Island-based securities firm, where he was employed for approximately four years, and the record does not reveal his reason for leaving. Subsequently, claimant gained employment overseeing corporate bond trading for a North Carolina-based company, but left because he was unhappy with his salary. He and several partners then started a Florida-based corporation engaged in brokering bonds and, when that venture failed in less than a year, claimant opened his own consulting firm to broker bonds. Finally, claimant made the decision to change careers and began working as a financial advisor in March 2009. Accordingly, the record does not demonstrate that claimant's withdrawal from his former profession was involuntary, particularly in light of the fact that he engaged in the profession for more than seven years following the events that precipitated his condition and does not claim lost wages for most of that period.

Furthermore, although claimant testified that he was no longer able to perform the tasks necessary for success as a bond broker because, following the events of 9/11, he suffered from a

lack of concentration, that complaint was never recorded in the notes of his treating psychologist—who he began seeing in December 2001—until after his claim was filed. To the contrary, a psychiatrist who performed an independent medical examination opined that PTSD has no significant cognitive component and, therefore, should not create problems with concentration and focus at work. Notably, despite the fact that all of the medical experts agreed that claimant suffered from causally related PTSD, there was no medical opinion that he was incapable of engaging in his former profession. Thus, we find that substantial evidence supports the Board's decision that claimant's reduction in earnings was not causally related to his compensable disability (*see Matter of Tawil v Fallsburg Cent. Sch. Dist.*, 106 AD3d at 1316; *see generally Matter of Balint v NYS Dept. of Corrections*, 79 AD3d 1570, 1570-1571 [2010]).

Peters, P.J., McCarthy and Egan Jr., JJ., concur. Ordered that the appeal from the November 21, 2011 decision is dismissed, without costs. Ordered that the January 10, 2013 decision is affirmed, without costs.

