■ In the Matter of the Claim of ROBERT COLE, Respondent, v CONSOLIDATED EDISON COMPANY OF N.Y., INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [3 NYS3d 769]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed July 12, 2013, which ruled that claimant demonstrated an attachment to the labor market.

Claimant filed a workers' compensation claim for occupational disease caused by exposure to asbestos. The claim was established, and claimant was found to have a permanent partial disability as of November 1995; the claim was subse-

quently amended to include diagnoses of chronic bronchitis and chronic obstructive pulmonary disease. Claimant lost no time from work until he was permitted to voluntarily retire, in lieu of termination for cause, at the age of 69 in November 2009, after working for the employer for nearly 50 years. A Workers' Compensation Law Judge concluded that claimant's separation from employment was unrelated to his occupational disability, and that claimant was not entitled to benefits subsequent to his retirement because he had voluntarily removed himself from the labor market. After a panel of the Workers' Compensation Board reversed in a split decision, the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) sought full Board review. The full Board affirmed the panel's decision, prompting this appeal.

We affirm. "Where a claimant has a permanent partial disability but there has been no finding of involuntary retirement, the claimant has an obligation to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions," and the Board's determination in that regard will be upheld if supported by substantial evidence (*Matter of Winters v Advance Auto Parts*, 119 AD3d 1041, 1042 [2014] [internal quotation marks and citations omitted]; *see Matter of Zamora v New York Neurologic Assoc.*, 19 NY3d 186, 191-193 [2012]; *Matter of Launer v Euro Brokers*, 115 AD3d 1130, 1130-1131 [2014], *lv denied* 23 NY3d 906 [2014]; *Matter of Smith v Consolidated Edison Co. of N.Y., Inc.*, 68 AD3d 1299, 1300 [2009]). Here, the Board concluded that claimant credibly testified and provided corroborating documentary evidence that he actively participated in a job location service and engaged in an independent job search within his medical restrictions, thereby demonstrating attachment to the labor market (*see Matter of Winters v Advance Auto Parts*, 119 AD3d at 1042-1043). The Board noted that, although jobs were available, when claimant advised prospective employers of his disability, he was told that no positions were available that would accommodate his medical restrictions (*cf. Matter of Smith v Consolidated Edison Co. of N.Y., Inc.*, 68 AD3d at 1301; *Matter of Harchar v Sarkisian Bros., Inc.*, 53 AD3d 986, 988 [2008]). Contrary to the employer's argument, the fact that claimant limited that search to jobs within the field that he had worked for nearly 50 years provides no basis to disturb the Board's decision (*see Matter of Renteria v Santino's Café*, 62 AD3d 1233, 1234 [2009]). Accordingly, inasmuch as substantial evidence supports the Board's determination, we affirm.

The employer's remaining arguments have been considered and found to be lacking in merit.

Peters, P.J., McCarthy and Lynch, JJ., concur. Ordered that the decision is affirmed, without costs.