■ In the Matter of the Claim of ROBERT PONTILLO, Claimant, v CONSOLIDATED EDISON OF NEW YORK, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [66 NYS3d 576]—

Egan Jr., J.P. Appeal from a decision of the Workers' Compensation Board, filed August 25, 2015, which ruled, among other things, that claimant was entitled to wage replacement benefits due to his reattachment to the labor market.

Claimant established a claim for pulmonary fibrosis and lung cancer due to exposure to asbestos while working for Consolidated Edison of New York, Inc. Thereafter, Consolidated Edison provided claimant with a light-duty position, at which claimant worked for two days before he retired, thereby voluntarily withdrawing from the labor market. A hearing was subsequently held to determine whether claimant had reattached to the labor market. Upon a finding that, among other things, claimant had reattached to the labor market as of April 21, 2015, a Workers' Compensation Law Judge directed awards from May 7, 2015 onwards and continued the case for further development. Upon review, the Workers' Compensation Board affirmed. Consolidated Edison and its claims administrator (hereinafter collectively referred to as the employer) appeal.

We agree with the employer that the Board failed to address its argument that claimant had not satisfied his burden of establishing that his inability to find work, and the related loss of earnings, was causally related to his disability. In order to be entitled to benefits, a claimant who has previously voluntarily retired but claims to have subsequently reattached to the labor market must demonstrate that his or her "earning capacity and his [or her] ability to find comparable employment had been adversely affected by his [or her] disability" (*Matter of Smith v Consolidated Edison Co. of N.Y., Inc.*, 68 AD3d 1299, 1300 [2009]; *see Matter of Tawil v Fallsburg Cent. Sch. Dist.*, 106 AD3d 1314, 1315 [2013]; *Matter of Fisher v Bothar Constr.*, 49 AD3d 1042, 1044 [2008]). This burden requires a claimant to demonstrate "that other factors totally unrelated to his [or her] disability did not [cause the] adverse affect on his [or her] earning capacity" (*Matter of Smith v Consolidated Edison Co. of N.Y., Inc.*, 68 AD3d at 1301). Despite the employer arguing that claimant had failed to meet his burden in this regard, the Board did not discuss or make findings as to whether claimant had established a relevant nexus between his work-related disability and his unsuccessful job search. As the Board failed to engage in its fact-finding role and deprived the employer of consideration of the merits of the issue, we must reverse the Board's decision in order to allow that review to occur (*see Matter of Tucker v Fort Hudson Nursing Home*, 65 AD3d 1442, 1442 [2009]).

Rose, Devine, Mulvey and Rumsey, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.