Matter of Usewicz v Nozbestos Constr. Corp. (2018 NY Slip Op 01107)





Matter of Usewicz v Nozbestos Constr. Corp.


2018 NY Slip Op 01107


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

525123

[*1]In the Matter of the Claim of ZDZISLAW USEWICZ, Appellant,
v
NOZBESTOS CONSTRUCTION CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 12, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Pritzker, JJ.


Geoffrey Schotter, New York City, for appellant.
William O'Brien, State Insurance Fund, New York City (Kelly A. O'Neill of counsel), for Nozbestos Construction Corporation and another, respondents.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed August 11, 2016, which ruled that there was no causal relationship between claimant's occupational lead exposure and his loss of earnings.
Claimant, an asbestos handler who assisted with the recovery efforts at the World Trade Center site in 2001, has a Workers' Compensation Law article 8-A claim established for injuries sustained during those recovery efforts in the form of
depression, asthma, rhinitis, gastroesophageal reflux disease and posttraumatic stress disorder. On July 28, 2012, claimant's employment as an asbestos remover with Abatech Industries, his last employer, was terminated. Claimant subsequently filed an occupational disease claim for lead exposure and toxicity alleging that he had continuously worked in a lead-contaminated environment for over 12 years. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established his occupational disease claim for lead exposure, set a date of disablement as July 28, 2012 and found that claimant was last exposed to lead on November 3, 2011 while working for Nozbestos Construction Corporation. Thereafter, the WCLJ directed the occupational disease claim to travel together with claimant's established Workers' Compensation [*2]Law article 8-A claim on the issue of proper awards [FN1]. Following a hearing on the extent to which claimant was entitled to benefits, the WCLJ found, among other things, that claimant has no causally-related loss of earnings because his July 28, 2012 cessation of employment resulted from his article 8-A claim and was unrelated to lead exposure and his occupational disease claim. Upon administrative review, the Workers' Compensation Board upheld that determination. Claimant appeals, contending that his loss of earnings is causally-related, at least in part, to his occupational lead exposure.
We affirm. Whether a claimant's occupational disability in a given case is causally-related to his or her loss of earnings is a factual question for determination by the Board and will be upheld if supported by substantial evidence (see Matter of Parrelli v Atlantic Constr., 67 AD3d 1265, 1265 [2009]; Matter of Ilovar v Consolidated Edison, 28 AD3d 1026, 1027 [2006]; Matter of Yamonaco v Union Carbide Corp., 42 AD2d 1014, 1015 [1973]). Claimant testified that, in July 2012, he was told not to return to work because he was unable to continue to work wearing a mask due to his excessive coughing. In addition to self-reported memory problems, claimant described an incident a few days before his employment ended in which he cut some electric cables by mistake, resulting in him sustaining an electric shock and burning his tools.
Elizabeth Wilk-Rivard, claimant's treating physician, reported in both February and June 2012 that, although claimant was partially disabled, he was able to continue working so long as he avoided lead exposure. In September and November 2012, after claimant had stopped working, Wilk-Rivard reported that claimant could return to work under the same restriction of avoiding lead exposure. Janet Rucker, a physician who has treated claimant since June 2010, opined in August 2013 that while claimant had a possible cognitive defect due to low-moderate level metal toxicity, his cognitive difficulties are likely multifactorial with components of pseudodementia attributable to depression and, to that end, that claimant was aggressively working with a psychiatrist. Similarly, John Meyer, a physician who provided ongoing treatment to claimant, reported in November 2015 that, although claimant's lead exposure could be "partially contributory to [his] inability to work," claimant's medical conditions stemming from his work at the World Trade Center site and his prior history as an asbestos handler are the principal causes of his disability. Although other physicians who treated claimant also reported that claimant was disabled and unable to work, those physicians did not conclusively attribute his disability to lead exposure. Given the lack of contemporaneous medical evidence demonstrating that claimant's inability to continue working was caused by lead exposure and that claimant's treating physician indicated in 2012 that he could continue to work so long as he avoided lead exposure, we find that substantial evidence supports the Board's factual finding of no causally-related loss of earnings, and the Board's decision will therefore not be disturbed (see Matter of Parrelli v Atlantic Constr., 67 AD3d at 1265; Matter of Ilovar v Consolidated Edison, 28 AD3d at 1027; compare Matter of Cammarata v Caldwell & Cook Inc., 19 AD3d 884, 885 [2005]; Matter of Fallon v Johns-Manville Sales Corp., 103 AD2d 955, 955 [1984]).
Garry, P.J., McCarthy, Egan Jr. and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: As a result of his Workers' Compensation Law article 8-A claim, claimant was found to have a permanent partial disability and was awarded workers' compensation benefits commencing July 28, 2012. Claimant also has a third and unrelated workers' compensation claim established for causally-related hearing loss.