Matter of Usewicz v Nozbestos Constr. Corp. (2021 NY Slip Op 03227)





Matter of Usewicz v Nozbestos Constr. Corp.


2021 NY Slip Op 03227


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

530398
[*1]In the Matter of the Claim of Zdzislaw Usewicz, Appellant,
v
Nozbestos Construction Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 20, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Law Office of Geoffrey Schotter, New York City (Geoffrey Schotter of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (Kelly A. O'Neill of counsel), for Nozbestos Construction Corporation and another, respondents.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed May 24, 2019, which ruled that claimant had no causally related lost wages.
As set forth in our prior decision (158 AD3d 963 [2018]), claimant's established workers' compensation claims include one relating to his 2001 participation in recovery efforts at the World Trade Center site and another for an occupational disease caused by his workplace exposure to lead. After he stopped working in 2012, claimant was classified with a permanent partial disability arising out of his work at the World Trade Center site and awarded continuing benefits under that claim. Claimant's request for an award of lost wage benefits under his occupational disease claim was rejected by the Workers' Compensation Board because his "2012 cessation of employment
. . . was unrelated to lead exposure," and we affirmed the Board's decision (158 AD3d at 964). After he began seeking work in 2018, claimant argued that he had reattached to the labor market and was entitled to an award of lost wage benefits under the occupational disease claim. Following a hearing, a Workers' Compensation Law Judge determined that claimant had reattached to the labor market as of August 2018 and awarded benefits. Upon review, the Board determined that claimant was not entitled to the award because he had failed to tie any loss of wages to his lead exposure. Claimant appeals.
Although we do not agree with the employer and its workers' compensation carrier that res judicata or the law of the case doctrine barred claimant from arguing that his ability to find work had been impaired by his occupational lead exposure (see Workers' Compensation Law § 123; Matter of Bennett v Putnam N. Westchester BOCES, 123 AD3d 1397, 1398 [2014]), we nevertheless affirm. "[I] t is the Board's obligation to determine whether the claimant suffered a work-related disability and the disability caused a wage-earning loss," and the Board has already determined that claimant's 2012 withdrawal from the labor market was unconnected to his exposure to lead and his occupational disease claim (Matter of O'Donnell v Erie County, 35 NY3d 14, 19 [2020]). As such, claimant would only be entitled to wage replacement benefits under the occupational disease claim if, upon reattachment to the labor market, his "earning capacity and his ability to find comparable employment had been adversely affected by" his lead exposure (Matter of Smith v Consolidated Edison of Co. N.Y., Inc., 68 AD3d 1299, 1300 [2009]; see Matter of Pontillo v Consolidated Edison of N.Y., Inc., 156 AD3d 1064, 1065 [2017]; Matter of Parrelli v Atlantic Constr., 67 AD3d 1265, 1266 [2009]). It therefore fell to claimant to "demonstrate that the adverse effect on his . . . earning capacity was not caused by factors totally unrelated to [that] disability" (Matter of Hamill v Orange County Sheriff's Dept., 190 AD3d 1052, 1052 [2021]; see Matter of Profeta v Edward J. Bosti Elementary Sch., Connetquot [*2]Cent. Sch. Dist. of Islip, 188 AD3d 1366, 1368 [2020]; Matter of Figueroa v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 1329, 1331 [2019]).
In that regard, the Board observed that claimant gave "limited" testimony regarding his job search efforts and failed to explain how his lack of success in finding work was related to any condition caused by his lead exposure. Further, although claimant's treating physician opined that claimant had a 20% temporary disability attributable to lead exposure, his continuing symptoms amounted to "mild memory deficits," and the physician failed to explain how those deficits impacted his employment prospects when he also suffered from numerous physical and psychological conditions relating to his work at the World Trade Center site that the physician acknowledged were disabling, "probably more severe and [kept] him from working." The foregoing constitutes substantial evidence for the finding that claimant had not connected his workplace lead exposure to an adverse effect on his earning capacity or ability to find work and, thus, the Board's denial of benefits under his occupational disease claim will not be disturbed (see Matter of Parrelli v Atlantic Constr., 67 AD3d at 1266; Matter of Yamonaco v Union Carbide Corp., 42 AD2d 1014, 1014-1015 [1973]).
Garry, P.J., Egan Jr., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.