■ In the Matter of the Claim of ELTON HEUSTIS, Respondent, v THEODORE TERIELE, JR., et al., Respondents, and CAPITAL MUTUAL INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [597 NYS2d 804] —Crew III, J. Appeal from a decision of the Workers' Compensation Board,

filed January 23, 1992, which ruled that the workers' compensation insurance carrier was liable for awards pursuant to Workers' Compensation Law § 56.

Claimant was injured on December 6, 1988 when, during the course of a logging operation, a tree fell on him, striking and injuring his left leg. The accident apparently occurred on land owned by Peter Reis, who was insured by Capital Mutual Insurance Company. Thereafter, on or about April 3, 1989, claimant filed for workers' compensation benefits, naming Theodore Teriele, Jr. as his employer. The record indicates that Capital was notified of and requested to appear and present evidence at hearings scheduled before a Workers' Compensation Law Judge (hereinafter WCLJ) on February 28, 1991, May 23, 1991 and July 18, 1991. Capital did not appear at any of the scheduled hearings, and the record does not reflect that any request for an adjournment was made.

On or about July 25, 1991, the WCLJ issued a decision in favor of claimant finding, *inter alia,* that Capital was liable for the compensation award and all outstanding medical bills in accordance with Workers' Compensation Law § 56. Capital thereafter filed an application for review *(see,* 12 NYCRR 300.13) contending, *inter alia,* that the insurance policy it issued to Reis specifically excluded compensation payments. The Workers' Compensation Board denied Capital's application, and this appeal ensued.

We affirm. If an application for review offers new and additional evidence that was not contained in the record and was not presented to the WCLJ, the application must state the reason for the failure to tender such proof in the first instance, and the Board is vested with the discretion to "deny review and refuse to consider such new or additional evidence if it finds that such evidence could and should have been presented to the [WCLJ]" (12 NYCRR 300.13 [g]). Capital's application plainly attempts to introduce new and additional evidence including, *inter alia,* a portion of the relevant insurance policy. As we noted at the outset, Capital was notified of the various hearing dates and its application for review offers no explanation for its failure to attend and offer evidence at those times. Based upon our review of the limited record before us, we cannot conclude that the Board abused its discretion in denying Capital's application for review on this basis. Moreover, we note that although Capital urges this Court to find that compensation payments were specifically excluded under the relevant insurance policy, such policy is not included in the record before us.

Mikoll, J. P., Yesawich Jr. and Mercure, JJ., concur. Ordered that the decision is affirmed, with one bill of costs.