■ In the Matter of the Claim of LAUREN QUAIL, Appellant, v CENTRAL NEW YORK PSYCHIATRIC CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [738 NYS2d 108] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 20, 2000, which ruled that claimant had a 10% schedule loss of use of the right hand.

After claimant's workers' compensation case based on injuries sustained in 1995 was closed pending the submission of medical evidence on the issue of permanency, the consultant for the employer's workers' compensation carrier, in a September 1998 report, concluded that claimant had a 10% schedule loss of use of the right hand. Asserting that his treating physician had found a 20% schedule loss of use of the right hand in a July 1998 report, claimant requested a hearing. The record, however, contained only a January 2000 report of the treating physician in which he inserted question marks in the box regarding permanency and left blank the space for specifying the schedule loss of use of an extremity. When the treating physician failed to appear at a hearing scheduled for his testimony, the parties were directed to depose the physician within two months. After expiration of the two-month period, the carrier requested an extension. Claimant objected and requested that the matter be placed on the Workers' Compensation Board's calendar. Based on the September 1999 report of the carrier's consultant, which contained the only expert

---

opinion on the issue, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had sustained a 10% schedule loss of use of the right hand.

Shortly thereafter, claimant filed a recently prepared report of his treating physician in which the physician opined that claimant had a 20% schedule loss of use of the right hand. Claimant then appealed to the Board, explaining that the July 1998 report of his treating physician contained a number of errors which could account for it not being filed with the appropriate claim. He requested reversal of the WCLJ's decision and the opportunity to present the treating physician's testimony. Noting that claimant had been directed on two occasions in 1999 to produce a final report from the treating physician, the Board concluded that its review would be limited to medical evidence in the record before the WCLJ. Accordingly, the Board concluded that, in the absence of any medical opinion to contradict that of the carrier's expert, the award would be based on a 10% schedule loss of use of the right hand. Claimant appeals.

Although claimant characterizes this as an appeal from the denial of an application to reopen, the Board properly treated claimant's application as one for review of the WCLJ's decision with new and additional evidence that was not in the record and was not presented to the WCLJ (see, 12 NYCRR 300.13 [g]). Accordingly, the Board had the discretion to refuse to consider the new and additional evidence upon finding that such evidence could and should have been presented to the WCLJ (see, *Matter of Heustis v Teriele*, 193 AD2d 934). Although claimant focuses on what he asserts was his treating physician's mistake in placing the wrong case number on the July 1998 report, the Board focused on the fact that twice in 1999 claimant was directed to produce the latest or final medical report from his physician and failed to produce a report which addressed both the issues of degree of loss of use and permanency. As noted by the Board, the July 1998 report on which claimant relied did not include an opinion on the issue of permanency. Thus, either an updated report or the testimony of the physician was necessary to provide a complete medical opinion. In light of claimant's objection to an extension of the time to depose the treating physician and his failure to produce an updated medical report from that physician addressing both the degree of loss of use and permanency, we see no abuse of discretion in the Board's refusal to consider the July 1998 report.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.