■ In the Matter of the Claim of NANCY MANLEY, Appellant, v MUNICIPAL HOUSING AUTHORITY OF UTICA et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [759 NYS2d 710] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed February 7, 2002, which ruled that the death of claimant's decedent did not arise out of and in the course of his employment and denied the claim for workers' compensation death benefits.

Decedent suffered an unwitnessed fatal heart attack while working as a painter for the employer. Claimant, decedent's widow, filed a claim for workers' compensation death benefits, which was controverted by the employer and its workers' compensation carrier. Following a hearing, the Worker's Compensation Law Judge (hereinafter WCLJ) credited the opinion of the employer's medical expert—that decedent's death was due to significant preexisting and progressive coronary artery disease—over the opinion of claimant's medical expert that the death was causally related to his employment. The WCLJ thus determined that decedent's heart attack was not causally related to his employment. Claimant applied for review of the WCLJ's decision, proffering new, additional medical evidence to rebut the deposition testimony of the employer's expert. A panel of the Worker's Compensation Board again credited the opinion of the employer's expert, affirmed the WCLJ's decision and denied the claim for workers' compensation death benefits.

Claimant's sole contention on this appeal is that the Board

erred in failing to consider the evidence submitted as part of her application for review which, she contends, demonstrates that the opinion of the employer's medical expert rested on unsound medical principles. Although the Board did not expressly state that it had considered this new medical evidence before rendering its decision, there is no indication in the record that the Board declined to hear this additional evidence, which was part of claimant's application for review. In any event, assuming the new evidence was indeed rejected, we find no error. Claimant failed to proffer any excuse for her delay in presenting that evidence as required by Board regulations and the Board, in its discretion, may reject newly proffered evidence that could and should have been presented to the WCLJ (*see* 12 NYCRR 300.13 [g]; *see also Matter of Cutting v Richard W. Nezelek, Inc.,* 293 AD2d 829, 831 [2002]; *Matter of Quail v Central N.Y. Psychiatric Ctr.,* 291 AD2d 613, 614 [2002]; *Matter of Heustis v Teriele,* 193 AD2d 934, 935 [1993]; *cf. Matter of Servidio v North Shore Univ. Hosp.,* 299 AD2d 685, 686 [2002]). Under the circumstances, we perceive no abuse of discretion (*see id.*).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.