■ In the Matter of the Claim of JOAN T. HARRIMAN, Appellant, v SHAW AERO DEVICES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [762 NYS2d 835] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed April 18, 2001, which ruled, inter alia, that claimant failed to meet her burden of establishing a causally related injury and denied her claim for workers' compensation benefits.

Claimant filed a claim for workers' compensation benefits in June 1993 alleging that she suffered from chronic fatigue syndrome and other illnesses stemming from her work as a secretary. Following numerous proceedings over the course of several years, during which time the claim was narrowed to

"exacerbation of chronic fatigue syndrome," the Workers' Compensation Board found, in April 2001, that claimant had failed to produce evidence establishing a causal relationship between her chronic fatigue syndrome and her employment and therefore affirmed the closing of her workers' compensation case. Claimant appeals.

The record reveals that while claimant initially contended, and the Board initially found in its August 1996 determination, that there was prima facie evidence supporting her claim that her chronic fatigue syndrome was exacerbated by work-related stress, she began alleging, as early as October 1996, that her condition was primarily related to her exposure to chemicals in the workplace. A June 1998 proceeding focused upon the development of the issue of chronic fatigue syndrome exacerbated by work-related stress. Claimant then clarified that she was contending that her chronic fatigue syndrome was caused by chemical exposure. Nonetheless the Workers' Compensation Law Judge indicated, at that time, that without further evidence of chemical exposure, the proceeding was going to be confined to the issue of chronic fatigue syndrome as a product of work-related stress. After subsequent proceedings focused solely on claimant's alleged chemical exposure, by August 1999 the Board noted that with the exacerbation issues limited to either stress or chemical exposure, claimant would be afforded "one final opportunity" to produce medical evidence supporting "her claim of a causally related exacerbation of chronic fatigue syndrome." Claimant failed to present any further evidence at the next hearing that linked her chronic fatigue syndrome either to her occupational stress or chemical exposure claim.

Upon this record, we find it clear that claimant failed to meet her burden of establishing a causal relationship between her chronic fatigue syndrome and her employment (*see Matter of De Salvo v Prudential Ins. Co. of Am.*, 248 AD2d 897, 898 [1998]; *Matter of Mitchell v New York City Tr. Auth.*, 244 AD2d 723, 723 [1997], *lv denied* 91 NY2d 809 [1998]). On the issue of occupational chemical exposure, a physician's report submitted to the Board more than a month after claimant applied for Board review was properly rejected. Inasmuch as no excuse was offered for claimant's delay in either obtaining or proffering this report, we find no abuse in the Board's exercise of its discretion to refuse to consider this evidence in light of its prior directive (*see* 12 NYCRR 300.13 [g]; *Matter of Manley v Municipal Hous. Auth. of Utica*, 306 AD2d 602, 603 [2003]; *Matter of Heustis v Teriele*, 193 AD2d 934, 935 [1993]). On the

issue of occupational stress exacerbating the chronic fatigue syndrome, no further evidence was presented.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.