*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                    519160
_____

In the Matter of the Claim of
    NATASHA FLORENTINO,
                    Appellant,
        v

MOUNT SINAI MEDICAL CENTER
    et al.,                                MEMORANDUM AND ORDER
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  February 19, 2015

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.

                    _____


        Geoffrey Schotter, New York City, for appellant.

        Gorman & Rankin, PC, New York City (David Sanua, New York
City, of counsel), for Mount Sinai Medical Center and others,
respondents.

                    _____


McCarthy, J.

        Appeal from a decision of the Workers' Compensation Board,
filed August 16, 2013, which ruled that claimant was not entitled
to an award of reduced earnings benefits for 2011.

        Claimant worked as an administrative assistant for the
employer, and applied for workers' compensation benefits after
developing carpal tunnel syndrome.  Her claim was established for
a work-related injury to her neck, upper back, both shoulders and
hands.  A Workers' Compensation Law Judge classified claimant

with a permanent partial disability in January 2011, noting that she could obtain reduced earnings benefits if she returned to work and earned less than her full wages because of her disability (see Workers' Compensation Law § 15 [3] [v], [w]). Claimant thereafter sought reduced earnings benefits for all of 2011. The Workers' Compensation Board rejected her application, finding that the reduction in her earnings did not flow from her disability. Claimant now appeals.

We affirm. Contrary to claimant's contention, because this is "a non-schedule permanent partial disability case where an involuntary withdrawal has not been established, . . . [she] bears the burden of demonstrating that . . . her reduced earning capacity is due to the disability and not to unrelated factors" (Matter of Launer v Euro Brokers, 115 AD3d 1130, 1130-1131 [2014], lv denied 23 NY3d 906 [2014]; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191-192 [2012]). The question of "[w]hether reduced earnings are causally related to the compensable injury is a [factual one] for the Board to resolve and its determination will not be disturbed when supported by substantial evidence" (Matter of Launer v Euro Brokers, 115 AD3d at 1131; see Matter of Tawil v Fallsburg Cent. School Dist., 106 AD3d 1314, 1315 [2013]).

Claimant testified that she spent over 40 hours a week completing her Master's degree, which she accomplished in May 2011. She further spent an average of 10 to 15 hours a week for the entire year attempting to find a distributor for a film that she had produced and, thereafter, to market it. She was not looking for additional work for much of 2011 as a result of these endeavors, but secured a post as an adjunct lecturer that began in August 2011. To the extent that claimant's testimony indicated that she wanted more substantial employment in her field, there is no indication that her inability to find such a position was connected to her disability. Thus, substantial evidence supports the Board's determination that the reduction in claimant's 2011 earnings did not flow, even in part, from her disability (see Matter of Tawil v Fallsburg Cent. School Dist., 106 AD3d at 1315-1316; Matter of Turetzky-Santaniello v Vassar Bros. Hosp., 302 AD2d 706, 707-708 [2003]; see also Matter of Zamora v New York Neurologic Assoc., 19 NY3d at 192).

Peters, P.J., Rose and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court