*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                520448
_____

In the Matter of the Claim of
    DONALD J. WOODRUFF,
                    Appellant,
      v

PHELPS SUNGAS, INC., et al.,            MEMORANDUM AND ORDER
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  January 8, 2016

Before:  Peters, P.J., Garry, Egan Jr., Devine and Clark, JJ.

_____

        Personius, Palmer & Bocek, Elmira (William R. Palmer of counsel), for appellant.

        Gitto & Niefer, LLP, Binghamton (Shane E. Armstrong of counsel), for Phelps Sungas, Inc. and another, respondents.

_____

Peters, P.J.

        Appeals from two decisions of the Workers' Compensation Board, filed April 21, 2014 and May 7, 2014, which, among other things, ruled that claimant was not entitled to workers' compensation benefits subsequent to December 10, 2009.

        On October 29, 2004, claimant suffered work-related injuries to his neck and back while working for the employer as a propane delivery truck driver.  He was cleared to return to work that same day and continued to work for the employer until June 2005, when he was laid off.  Claimant subsequently obtained new

employment as a dumpster truck driver, but he was ultimately discharged from that employment in October 2007. He thereafter pursued various employments and, in September 2009, filed a claim for workers' compensation benefits.

More than two years after his claim was established, claimant asserted a claim for reduced earnings subsequent to December 10, 2009. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a September 2012 decision finding that claimant failed to demonstrate that his reduction in earnings was causally-related to his work-related injuries. Thereafter, a hearing was held on the issue of permanency, at the conclusion of which the WCLJ found, in a decision filed May 6, 2013, that claimant had a permanent partial disability but that he was not entitled to continuing indemnity benefits because his loss of earnings was unrelated to his work-related injuries. Upon review, the Workers' Compensation Board affirmed the September 2012 decision and modified the May 2013 decision for reasons not relevant here. Claimant appeals both decisions.

We affirm. Although evidence of a claimant's work-related permanent partial disability permits an inference that a subsequent loss of wages or reduction in earnings is attributable to his or her disability (see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 192 [2012]), "a reduced earnings award may be denied where the reduction in earning capacity results from age, economic conditions or other factors unrelated to the disability" (Matter of Millner v Cablevision, 2 AD3d 1146, 1147 [2003] [internal quotation marks and citations omitted]; see Burns v Varriale, 9 NY3d 207, 216 [2007]; Matter of Launer v Euro Brokers, 115 AD3d 1130, 1130-1131 [2014], lv denied 23 NY3d 906 [2014]). "Whether reduced earnings are causally related to the compensable injury is a question of fact for the Board to resolve and its determination will not be disturbed when supported by substantial evidence" (Matter of Launer v Euro Brokers, 115 AD3d at 1131 [citations omitted]; accord Matter of Florentino v Mount Sinai Med. Ctr., 126 AD3d 1279, 1280 [2015], lv denied 26 NY3d 907 [2015]; see Matter of Tawil v Fallsburg Cent. Sch. Dist., 106 AD3d 1314, 1315 [2013]).

Here, claimant was laid off from his job with the employer in June 2005 when the company was experiencing a slow season (see Matter of Millner v Cablevision, 2 AD3d at 1147). Thereafter, he was fired from his subsequent job as a dumpster truck driver after advising his employer that he had to attend his daughter's birthday party and refusing to take another load. Although claimant asserted that the real reason he could not take the additional load was because he was "physically in pain" due to the effects of his October 2004 injuries, he also testified that, with the exception of laying a tarp over the dumpster, the work he was required to do was all performed in the cab of the truck. Deferring to the Board's assessment of credibility (see Matter of Friedman v New York City Dept. of Transp., 69 AD3d 1020, 1023 [2010]), substantial evidence supports its determination that claimant's prior employments ended due to factors unrelated to his work-related injuries. Accordingly, the burden was upon claimant to establish that his disability contributed to his subsequent reduction in earnings (see Matter of Tawil v Fallsburg Cent. Sch. Dist., 106 AD3d at 1315; Matter of Fisher v Bothar Constr., 49 AD3d 1042, 1044 [2008]; Matter of O'Shea v Initial Cleaning Serv., 32 AD3d 592, 593 [2006]).

In that regard, although claimant's physician indicated in his December 2009, May 2011 and February 2012 reports that claimant had a 33% medical impairment, those same reports concluded that claimant was able to perform "regular duty," with the only recommended restriction to "get help with the heavier lifts." Similarly, the various reports of claimant's chiropractor generated within the relevant time frame indicate that claimant was working without any restrictions. In view of the foregoing, the Board's conclusion that claimant's reduced earnings subsequent to December 10, 2009 were unrelated to his work-related disability is supported by substantial evidence (see Matter of Woodworth v Clifton Springs Hosp., 35 AD3d 1062, 1063 [2006]; Matter of Millner v Cablevision, 2 AD3d at 1147; Matter of Turetzky-Santaniello v Vassar Bros. Hosp., 302 AD2d 706, 708 [2003]).

Finally, we are unpersuaded that the Board erred in refusing to consider new evidence submitted in claimant's supplemental application for Board review. Such application,

filed more than six months after the filing of the WCLJ's September 2012 decision sought to be reviewed, was untimely (see Workers' Compensation Law § 23; 12 NYCRR 300.13 [a], [e] [2]; Matter of Hyland v Matarese, 56 AD3d 841, 843 [2008]). Moreover, "[a]n application for review which offers new and additional evidence that was not in the record nor presented to the WCLJ must state reasons explaining the failure to previously offer such evidence and it is within the discretion of the Board to 'deny review and refuse to consider such new or additional evidence if it finds that such evidence could and should have been presented to the [WCLJ]'" (Matter of Husak v New York City Tr. Auth., 40 AD3d 1249, 1250 [2007], quoting 12 NYCRR 300.13 [g]; see Matter of Estrella v Broadway 69 Assoc., 79 AD3d 1536, 1537 [2010]; Matter of Cutting v Richard W. Nezelek, Inc., 293 AD2d 829, 831 [2002]). Here, the record belies claimant's assertion that the employer failed to timely report the accident to the Board and reflects, instead, that it was claimant who waited until September 2009 to file a claim for workers' compensation benefits. While claimant also attributed the delay to the fact that he was initially unrepresented, he retained an attorney more than nine months prior to the first hearing in March 2012 and his application for supplemental review offers no explanation as to why a claim for reduced earnings going back to the date of his injury – and evidence in support thereof – was not offered at that time. Under these circumstances, the Board did not abuse its discretion in refusing to consider the newly offered evidence (see Matter of Husak v New York City Tr. Auth., 40 AD3d at 1250; Matter of Quail v Central N.Y. Psychiatric Ctr., 291 AD2d 613, 614 [2002]; Matter of Heustis v Teriele, 193 AD2d 934, 935 [1993]).

Garry, Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court