Aarons, J.
Appeal from a decision of the Workers’ Compensation Board, filed July 2, 2014, which ruled that claimant was not entitled to an award of reduced earnings.
Claimant worked for a food service company as a selector gathering together orders in the warehouse, putting them on pallets and dropping them off at the loading dock. On April 11, 2007, he injured his lower back and left lower extremity while lifting a case, and he filed a claim for workers’ compensation benefits as a result. His claim was initially established for injuries to his lower back and left hamstring for which he received temporary partial disability payments.
In February 2010 while walking in a store, claimant experienced an abrupt episode of back pain resulting in leg weakness that caused him to fall and fracture a finger on his right hand. Consequently, he filed a request for further action seeking to have his claim amended to include a consequential fracture of his right fifth metacarpal. While his request was pending, claimant’s employer offered him a light duty assignment in the warehouse that did not entail any lifting. Claimant reported to the light duty assignment on April 12, 2010, but left work later that day due to back pain and saw his physician, Stephen Fishel. Fishel removed claimant from work, but cleared him to return to light duty in early May 2010. Claimant, however, did not return to work at that time. In response, the employer filed a request for further action in the pending case asserting that claimant voluntarily removed himself from the labor market by not returning to light duty in early May 2010. Following various hearings, a Workers’ Compensation *1478 Law Judge (hereinafter WCLJ), among other things, amended the claim to include a consequential injury to the right fifth metacarpal, but found that there was insufficient evidence of voluntary removal. Following extended proceedings, a panel of the Workers’ Compensation Board ultimately modified the WCLJ’s decision by ruling that the claim was properly amended, but that claimant had voluntarily removed himself from the labor market by not returning to light duty in early May 2010.*
Claimant finally returned to work for the employer in July 2010 to a light duty position and, after getting medical clearance, returned to a full duty position in September 2010. In December 2010, however, claimant experienced problems with his left knee and, after treating with Fishel, he was out of work again. He did not return to work for the employer thereafter and his employment was formally terminated in June 2012, in accordance with the terms of the collective bargaining agreement, after he had been absent for 18 months.
During this 18-month period, claimant began working for an automobile body shop in a position that was less physically demanding than his job as a selector. He filed a request for further action in his workers’ compensation case to consider his entitlement to an award of reduced earnings. Following additional hearings, a WCLJ ruled that claimant was not entitled to such an award because his reduction in earnings was not causally related to his established injuries. The Board upheld this decision and claimant now appeals.
Initially, “[t]he issue of whether a claimant’s reduced earnings are causally related to the work-related injury is a factual one for the Board to resolve, and its findings will not be disturbed if supported by substantial evidence” (Matter of Fisher v Bothar Constr., 49 AD3d 1042, 1043 [2008]; see Matter of Florentino v Mount Sinai Med. Ctr., 126 AD3d 1279, 1280 [2015], lv denied 26 NY3d 907 [2015]). Notably, “a reduced earnings award may be denied where the reduction in earning capacity results from age, economic conditions or other factors unrelated to the disability” (Matter of Woodruff v Phelps Sungas, Inc., 137 AD3d 1345, 1346 [2016] [internal quotation marks and citations omitted]; see Matter of Robideau v Van Rensselaer Manor, 56 AD3d 866, 867 [2008]). Here, the Board *1479 previously ruled that claimant voluntarily removed himself from the labor market by not returning to the employer’s light duty assignment in early May 2010 when cleared to do so by Fishel, and claimant did not appeal this decision. The Board’s finding has a significant bearing upon claimant’s entitlement to reduced earnings insofar as it establishes that claimant failed to return to the employer’s light duty assignment of his own volition, and not because he was unable to do so as the result of a causally related disability (see e.g. Matter of Bacci v Staten Is. Univ. Hosp., 32 AD3d 582, 583-584 [2006]). Notably, Fishel did not impose any medical restrictions on claimant that would have prevented him from performing the activities entailed by the employer’s light duty assignment, and the record is devoid of medical evidence indicating otherwise. Furthermore, the medical problem that caused claimant to stop working for the employer in December 2010, after which he never returned, was difficulty that he was experiencing with his left knee, which was not a compensable injury. In view of the foregoing, substantial evidence supports the Board’s finding that claimant’s reduction in earnings was not causally related to his compensable disability, and we find no reason to disturb its decision (see Matter of Florentino v Mount Sinai Med. Ctr., 126 AD3d at 1280-1281; Matter of Fisher v Bothar Constr., 49 AD3d at 1044).
Garry, J.P., Lynch, Clark and Mulvey, JJ., concur.
Ordered that the decision is affirmed, without costs.

 The Board’s initial decision, filed February 10, 2010, ruled that claimant’s voluntary removal occurred on May 6, 2010, but this date was changed to May 10, 2010 in the Board’s amended decision, filed June 7, 2012, when the Board realized that Fishel’s medical note authorized claimant’s return to light duty on this date.