Matter of Marcy v City of Albany Fire Dept. (2019 NY Slip Op 06031)





Matter of Marcy v City of Albany Fire Dept.


2019 NY Slip Op 06031


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

526768

[*1]In the Matter of the Claim of DONALD MARCY, Appellant,
v
CITY OF ALBANY FIRE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Buckley, Mendleson, Criscione & Quinn, PC, Albany (Brendan G. Quinn of counsel), for appellant.
Walsh & Hacker, Albany (Matthew C. Kidd of counsel), for City of Albany Fire Department and another, respondents.



MEMORANDUM AND ORDER
Clark, J.P.
Appeal from a decision of the Workers' Compensation Board, filed August 24, 2017, which ruled that claimant was not entitled to a reduced earnings award from April 11, 2016 through August 1, 2016.
Claimant was working as a master mechanic for the employer when he injured his back on July 7, 2004. His claim for workers' compensation benefits for the back injury was established shortly thereafter, and his average weekly wage was set at $932.39. Claimant returned to full-duty work while continuing with treatment and medication for his back injury up until September 21, 2010, at which time claimant injured his right knee at work. After the knee injury, claimant returned to light-duty work for a brief period of time, and, on April 2, 2011, he retired at the age of 56. It was subsequently determined that claimant's retirement was causally related, in part, to his compensable back injury, and, accordingly, claimant was awarded benefits for lost time up until May 22, 2015. However, as of May 22, 2015, claimant was determined to have voluntarily removed himself from the labor market, and, thus, his benefits were suspended. Claimant subsequently applied for a reinstatement of benefits, and a hearing on the issue of reattachment to the labor market took place on October 26, 2015. After that hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) awarded claimant reduced earnings benefits for certain, limited periods of time between May 22, 2015 and October 26, 2015 during which claimant demonstrated that he had actively sought employment, but, for the remaining periods, the WCLJ determined that there was inadequate evidence of claimant's labor market attachment. Claimant appealed, and a panel of [*2]the Workers' Compensation Board modified the WCLJ's determination to the extent of rescinding the award for the period of September 1, 2015 through September 17, 2015, but otherwise affirmed.
Claimant thereafter requested another hearing to address labor market attachment, this time providing a payroll check from his employer, and a WCLJ made a tentative reduced earnings award of $300 per week pending a formal hearing. After that hearing, a WCLJ found that claimant had reattached himself to the labor market and, accordingly, directed a reduced earnings award of $400 per week for the period of April 11, 2016 through August 1, 2016 and tentative reduced earnings for the period after August 1, 2016. The employer and its workers' compensation carrier appealed, after which a majority of a Board panel found that claimant's reduced earnings for the period after April 11, 2016 were not causally related to his compensable back injury. In the majority's view, claimant was self-limiting his earnings. Accordingly, the WCLJ's reduced earnings award was rescinded. Following mandatory full Board review, the full Board issued a split decision, in which the majority ruled that, because claimant's reduced earnings were a result of economic conditions, rather than his back injury, he was not entitled to a reduced earnings award for the subject time span. Claimant appeals.
Claimant asserts that, in light of the Board's finding that his early retirement was causally related to his compensable injury, he is entitled to an inference that any postretirement reduction in earnings is also attributable to his disability and that it was incumbent on the employer to defeat that inference with direct and positive proof. Where it is determined "that a workers' compensation claimant has a permanent partial disability and that the claimant retired from his or her job due to that disability, an inference that his or her reduced future earnings resulted from the disability may be drawn" (Burns v Varriale, 9 NY3d 207, 216 [2007] [emphasis omitted]; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 192 [2012]; Matter of Woodruff v Phelps Sungas, Inc., 137 AD3d 1345, 1346 [2016]). However, as claimant acknowledges, no finding of permanency has been made in this case. Further, although claimant's retirement was initially determined to be causally related to his compensable injury, it was subsequently determined that, as of May 22, 2015, claimant had voluntarily removed himself from the labor market, and the Board's decision on this issue was never challenged. Moreover, even where such an inference is applicable, it is merely permissible and not an entitlement or a presumption, as claimant may suggest (see Matter of Zamora v New York Neurologic Assoc., 19 NY3d at 192; Matter of Ballou v Southworth-Milton, Inc., 107 AD3d 1084, 1086 [2013]). Thus, "claimant [bore] the burden of demonstrating that his . . . reduced earning capacity is due to [his] disability and not to unrelated factors such as age or general economic conditions" (Matter of Launer v Euro Brokers, 115 AD3d 1130, 1130-1131 [2014], lv denied 23 NY3d 906 [2014]; see Burns v Varriale, 9 NY3d at 216; Matter of Reese v Sysco Food Servs.-Albany, 148 AD3d 1477, 1478 [2017]; Matter of Woodruff v Phelps Sungas, Inc., 137 AD3d at 1346), and the Board's determination that reduced earnings are not causally related to a compensable injury will not be disturbed when supported by substantial evidence (see Matter of Zamora v New York Neurologic Assoc., 19 NY3d at 192-193; Matter of King v Riccelli Enters., 156 AD3d 1095, 1096 [2017]; Matter of Villalobos v RNC Indus. LLC, 151 AD3d 1156, 1157 [2017]).
Claimant testified that, during the subject time period, he worked from home five hours per week as a salesperson
for a wooden boat manufacturer telephoning prospective clients and distributing paper advertisements, earning $50 per week doing so. According to claimant, his limited work hours were all the hours that his employer had available. Although claimant also subsequently asserted that his limited hours were the result of a restriction to part-time employment placed upon him by his physician, a review of the record reveals no such limitation by either claimant's physician or the independent medical examiner. Rather, the various work restrictions imposed upon claimant involve only his functional capabilities and exertional abilities. Thus, we conclude that the full Board's determination that claimant's reduced earnings were dictated by his employer and [*3]economic conditions, not his established back injury, is supported by substantial evidence (see Matter of Smith v Consolidated Edison Co. of N.Y., Inc., 68 AD3d 1299, 1301 [2009]; see also Matter of Tawil v Fallsburg Cent. Sch. Dist., 106 AD3d 1314, 1316 [2013]).
Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.