Matter of Wallace v Don Sebastiani & Sons (2020 NY Slip Op 02340)





Matter of Wallace v Don Sebastiani & Sons


2020 NY Slip Op 02340


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

528676

[*1]In the Matter of the Claim of Jerome T. Wallace, Appellant,
v
Don Sebastiani & Sons et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: February 14, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Christine A. Scofield, Syracuse, for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Don Sebastiani & Sons and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed April 12, 2018, which ruled, among other things, that claimant was not entitled to an award of reduced earnings subsequent to April 1, 2017.
In 2011, while employed as the regional vice-president of a winery, claimant injured his lower back as he was lifting cases of wine. As a result of this injury, he filed a claim for workers' compensation benefits, resulting in an established claim for his lower back. In April 2013, claimant was diagnosed with degenerative disc disease and lumbar spinal stenosis, and an orthopedist found that he was partially disabled with a 50% temporary impairment. In August 2013, claimant began working as the regional sales manager of another winery (hereinafter the winery).
Claimant continued to obtain medical treatment for his lower back condition. In March 2017, he experienced a worsening of his condition and consulted with Aaron Bianco, an orthopedic surgeon, who imposed work restrictions prohibiting prolonged driving, repetitive pushing, pulling or twisting, or lifting more than 5 or 10 pounds. As a result, claimant left his job at the winery at the end of March 2017. In June 2017, however, the winery retained him as an independent contractor on a part-time basis to do office work and maintain customer relations. His new duties were consistent with his medical restrictions, but his compensation was less than he earned in his prior position.
Thereafter, further proceedings were conducted before a Workers' Compensation Law Judge (hereinafter WCLJ) to address, among other things, claimant's eligibility for indemnity benefits for reduced earnings. In July 2017, the WCLJ issued a decision finding that claimant's departure in March 2017 was due to his causally-related disability and, as such, he was entitled to indemnity benefits for reduced earnings subsequent to April 1, 2017. The employer appealed this decision to the Workers' Compensation Board, specifically with respect to the award of reduced earnings. While this appeal was pending, the WCLJ conducted a hearing to address permanency and claimant's loss of wage-earning capacity. In November 2017, the WCLJ issued a decision classifying claimant as permanently partially disabled with a loss of wage-earning capacity of 50% and awarded him indemnity benefits for reduced earnings. The employer also appealed this decision to the Board.
In April 2018, the Board issued a decision addressing both of the WCLJ's decisions. The Board concluded that claimant's reduced earnings were not causally related to his disability arising from the 2011 accident. Consequently, it modified the WCLJ's decisions by rescinding the awards made for reduced earnings for periods subsequent to April 1, 2017. Claimant appeals.
"Although evidence of a claimant's work-related permanent partial disability permits an inference that a subsequent loss of wages or reduction in earnings is attributable to his or her disability, a reduced earnings award may be denied where the reduction in earning capacity results from age, economic conditions or other factors unrelated to the disability" (Matter of Woodruff v Phelps Sungas, Inc., 137 AD3d 1345, 1346 [2016] [internal quotation marks and citations omitted]; see Matter of Reese v Sysco Food Servs.-Albany, 148 AD3d 1477, 1478 [2017]). However, "where such an inference is applicable, it is merely permissible and not an entitlement or a presumption" (Matter of Marcy v City of Albany Fire Dept., 175 AD3d 765, 767 [2019]); "the Board may, but need not, infer that the claimant cannot find a suitable job because of [his or] her disability" (Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 192 [2012]). The burden is on the claimant to demonstrate that "his or her reduced earning capacity is due to the disability and not to unrelated factors" (Matter of Launer v Euro Brokers, 115 AD3d 1130, 1130-1131 [2014], lv denied 23 NY3d 906 [2014]; see Matter of Marcy v City of Albany Fire Dept., 175 AD3d at 767). Furthermore, "the issue of whether a claimant's reduced earnings are causally related to the work-related injury is a factual one for the Board to resolve, and its findings will not be disturbed if supported by substantial evidence" (Matter of Reese v Sysco Food Servs.-Albany, 148 AD3d at 1478 [internal quotation marks, brackets and citation omitted]; see Matter of Woodruff v Phelps Sungas, Inc., 137 AD3d at 1346).
Claimant bases his argument that the Board erroneously denied him an award for reduced earnings subsequent to April 1, 2017 on his assertion that the evidence establishes that the work restrictions imposed due to his permanent partial disability, which was caused by the 2011 accident, resulted in him having to leave his full-time position at the winery and become a part-time independent contractor at a lesser salary. Giving deference to the Board's factual findings (see Matter of Woodruff v Phelps Sungas, Inc., 137 AD3d at 1346; Matter of Launer v Euro Brokers, 115 AD3d at 1131), we disagree. Bianco testified that his physical findings and diagnoses were the same both before and after claimant's March 27, 2017 appointment. As in prior medical reports, the report from that visit notes that "[t]he severity of the pain/dysfunction is moderate," claimant's lumbar range of motion was "minimally limited," and he had "moderate tenderness" and no spasms. Before that appointment, Bianco had not imposed any restrictions on claimant's activities or ability to work. Bianco acknowledged that claimant exhibited a normal gait, had a normal neurological examination and physical findings that were the same as prior examinations, and did not have difficulty getting on and off the examination table. Bianco testified that he added restrictions and removed claimant from work at that time based on claimant's complaints that his pain had increased and he "did not feel like he could do the heavy lifting and traveling required for his present job." While acknowledging that pain and tenderness are subjective, Bianco testified that he had no reason to disbelieve claimant's complaints and assessed his work capabilities based on the overall picture, including claimant's work history, patient history and physical examination. However, as the Board noted, no objective medical evidence supported the conclusion that claimant required medical restrictions in his activities. Even claimant testified that his "back has been the same since 2011." Although claimant also testified that his pain had increased to the point that he could no longer perform the duties of his job, the Board deemed his testimony incredible. The Board noted that the medical reports did not significantly differ, objectively, after March 2017 and continued to indicate mild symptoms.
Substantial evidence supports the Board's determination that claimant did not meet his burden of demonstrating that his reduced earnings were due to his work-related disability. The medical evidence and Bianco's testimony established that the work restrictions were imposed based on claimant's self-report of increased pain and inability to perform his job duties, but if we defer to the Board's finding that claimant was incredible — as we must (see Matter of Woodruff v Phelps Sungas, Inc., 137 AD3d at 1346; Matter of Launer v Euro Brokers, 115 AD3d at 1131) — then there is no support for the work restrictions that would prevent claimant from performing his prior full-time job at the winery. Claimant's argument is then based on nothing but an inference, based on his work-related permanent partial disability, that his reduction in earnings is attributable to his disability (see Matter of Reese v Sysco Food Servs.-Albany, 148 AD3d at 1478; Matter of Woodruff v Phelps Sungas, Inc., 137 AD3d at 1346). As the Board was merely permitted, and not required, to make such an inference (see Matter of Zamora v New York Neurologic Assoc., 19 NY3d at 192; Matter of Marcy v City of Albany Fire Dept., 175 AD3d at 767), we cannot say that the Board erred in declining to do so. Accordingly, substantial evidence supports the Board's denial of an award of reduced earnings subsequent to April 1, 2017.
Garry, P.J., Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.