Matter of Hamill v Orange County Sheriff's Dept. (2021 NY Slip Op 00063)





Matter of Hamill v Orange County Sheriff's Dept.


2021 NY Slip Op 00063


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

530290

[*1]In the Matter of the Claim of Scott Hamill, Appellant,
v
Orange County Sheriff's Department, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: November 18, 2020

Before: Lynch, J.P., Clark, Mulvey and Colangelo, JJ.


Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, New York City (Michael K. Gruber of counsel), for appellant.
Manes and Manes, Armonk (Mathew T. Keller of counsel), for Orange County Sheriff's Department, respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed April 15, 2019, which ruled, among other things, that claimant was not entitled to an award of reduced earnings subsequent to November 2018.
In 2008, claimant sustained a back injury while working as a sergeant supervisor for the employer, a local sheriff's office, and a claim for workers' compensation benefits was later established for that injury. In September 2017, claimant retired at the rank of captain and subsequently asserted that his retirement was, at least in part, due to his 2008 back injury. The employer contested the issue, arguing that claimant's retirement was voluntary and not causally related to his disability. Following several hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant's retirement was not due to his compensable disability, but that claimant had reattached himself to the labor market by obtaining part-time employment in November 2018 as a delivery driver for a medical marihuana company. The WCLJ consequently directed claimant to produce his wages for a reduced earnings claim. The employer sought administrative review. The Board modified the WCLJ's decision, finding that the record was devoid of any credible evidence of a nexus between claimant's work-related back injury and his alleged reduced earnings and that, therefore, claimant was not entitled to a reduced earnings award.[FN1] Claimant appeals.
A claimant who has voluntarily retired, but claims to have thereafter reattached to the labor market, must demonstrate that his or her earning capacity and his or her ability to secure comparable employment has been adversely affected by his or her compensable disability (see Matter of Figueroa v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 1329, 1331 [2019]; Matter of Pontillo v Consolidated Edison of N.Y., Inc., 156 AD3d 1064, 1065 [2017]). In satisfying this burden, the claimant must demonstrate that the adverse effect on his or her earning capacity was not caused by factors totally unrelated to his or her disability (see Matter of Figueroa v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 1331; Matter of Pontillo v Consolidated Edison of N.Y., Inc., 156 AD3d at 1065). "The issue of whether a claimant's reduced earnings are causally related to the work-related injury is a factual one for the Board to resolve, and its findings will not be disturbed if supported by substantial evidence" (Matter of Fisher v Bothar Constr., 49 AD3d 1042, 1043 [2008] [citations omitted]; accord Matter of Reese v Sysco Food Servs.-Albany, 148 AD3d 1477, 1478 [2017]).
We agree with the Board that there was insufficient evidence to establish that claimant's alleged reduced earnings are attributable to his disability. The credited evidence established that claimant worked for the employer for more than nine years following his 2008 back injury and that his decision to retire in 2017 was influenced by economic factors, including a retirement [*2]incentive package offered by the employer. Although he claimed that his disability restricted the types of positions available to him after his voluntary retirement, such claim was undermined by the fact that claimant was able to perform the administrative work required of a captain for many years after sustaining his work-related injury. Thus, under the circumstances of this case, claimant's voluntary retirement has a "significant bearing" upon claimant's entitlement to a reduced earnings award, and we discern no error in the Board's consideration of such (Matter of Reese v Sysco Food Servs.-Albany, 148 AD3d at 1479). Further, although claimant expressed his preference for a job that was less sedentary, he failed to demonstrate that such limitation resulted in a reduced wage-earning capacity. Accordingly, as substantial evidence exists in the record to support the Board's decision, there is no basis upon which to disturb it (see Matter of Wallace v Don Sebastiani & Sons, 182 AD3d 879, 882-883 [2020]; Matter of Tawil v Fallsburg Cent. Sch. Dist., 106 AD3d 1314, 1315-1316 [2013]).
Lynch, J.P., Mulvey and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant filed a rebuttal to the employer's request for administrative review, wherein he argued that his retirement was involuntary. The Board, however, declined to entertain the rebuttal arguments on the ground that claimant failed to timely appeal from the WCLJ's decision. On appeal, claimant does not challenge this aspect of the Board's determination.