Matter of King v New York State Dept. of Corr. (2021 NY Slip Op 06901)





Matter of King v New York State Dept. of Corr.


2021 NY Slip Op 06901


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

532311
[*1]In the Matter of the Claim of Katherine King, Appellant,
v
New York State Department of Corrections et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Law Firm of Alex Dell, PLLC, Albany (Nicholas A. Fusco of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (Bess Sokaris of counsel), for New York State Department of Corrections and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed April 9, 2020, which ruled, among other things, that claimant was not entitled to an award of reduced earnings subsequent to June 22, 2014.
In October 2006, claimant sustained a work-related injury to her back arising out of and in the course of her employment with the Department of Corrections and Community Supervision (named herein as the Department of Corrections) and established a workers' compensation claim for that injury. At the time of the injury, claimant was concurrently employed as a waitress and baker at a restaurant and, as a result, the wages earned in the concurrent employment were included in calculating claimant's average weekly wage. Claimant returned to work with the Department in June 2007; however, due to the physical restrictions arising from the work-related injury, she was unable to return to her job at the restaurant. Thus, claimant received reduced earnings awards based upon her cumulative average weekly wage. In June 2009, claimant was classified with a 37.5% permanent partial disability as a result of the work-related injury.
On June 22, 2014, claimant ceased working for the Department and was granted disability retirement due to an unrelated disability. Claimant has not worked since that time. A Workers' Compensation Law Judge ruled, among other things, that there was no basis to continue claimant's reduced earnings awards, as claimant retired from her employment with the Department on June 22, 2014 due to reasons unrelated to her established disability, and there was no documentation that claimant attempted to reattach to the labor market. Upon administrative appeal, the Workers' Compensation Board affirmed that decision. Claimant appeals.
Claimant contends that, although her lost wages from the Department are attributable to her unrelated medical condition, the wages lost from her restaurant job were causally related to her work injury and, therefore, she is entitled to continued reduced earnings awards in connection with that employment. Further, relying on Workers' Compensation Law § 15 (3) (w), claimant asserts that she is not required to demonstrate reattachment to the labor market in order for reduced earnings awards to continue.
"The issue of whether a claimant's reduced earnings are causally related to the work-related injury is a factual one for the Board to resolve, and its findings will not be disturbed if supported by substantial evidence" (Matter of Hamill v Orange County Sheriff's Dept., 190 AD3d 1052, 1053 [2021] [internal quotation marks and citations omitted]). "Although evidence of a claimant's work-related permanent partial disability permits an inference that a subsequent loss of wages or reduction in earnings is attributable to his or her disability, a reduced earnings award may be denied where the reduction in earning capacity results from age, economic conditions or other factors unrelated to the disability" (Matter [*2]of Wallace v Don Sebastiani & Sons, 182 AD3d 879, 881 [2020] [internal quotation marks and citations omitted]; see Matter of Delk v Orange & Rockland, 191 AD3d 1067, 1069 [2021]).
At the time that claimant returned to work in 2007, as well as after she was classified with a permanent partial disability in 2009, claimant was entitled to reduced earnings pursuant to her cumulative average weekly wage — an award which continued, at varying rates, during the next seven years that claimant remained employed. Claimant testified that her subsequent separation from employment on June 22, 2014 was not related to the established back injury, but that she retired due to an unrelated cause. As she had separated from employment for reasons unrelated to her work-related injury, claimant does not assert that her lost earnings arising from her separation from employment with the Department subsequent to June 22, 2014 were attributable to her permanent partial disability (see Matter of Wallace v Don Sebastiani & Sons, 182 AD3d at 882; Employer: Assoc for Recovery & Human Dev, 2018 WL 6728309, *3, 2018 NY Wrk Comp LEXIS 9470, *7 [WCB Nos. 7070 5549, 79401246, Dec. 17, 2018]). However, we are unable to discern the Board's rationale with respect to the lost wages related to the restaurant. Further, other than noting the amendment to Workers' Compensation Law § 15 (3) (w)[FN1] and that such amendment was applicable to all such cases regardless of the date of classification, the Board does not set forth any applicable rationale or conclusion with regard to claimant and the need to demonstrate reattachment to the labor market. Given the Board's incomplete reasoning, and recognizing that the issue of attachment to the labor market is distinct from the issue of causally-related lost earnings (see Employer: OCE North America, 2019 WL 4735749, *7, 2019 NY Wrk Comp LEXIS 0357498 [WCB Nos. G035 7498, 4040 6107, G035 9875, G078 0703, Sept. 24, 2019]; Employer: Assoc for Recovery & Human Dev, 2018 WL 6728309 at *3, 2018 NY Wrk Comp LEXIS 9470 at *7), we find that the matter must be remitted for further proceedings.
Egan Jr., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The 2017 amendment to Workers' Compensation Law § 15 (3) (w) provides that, for a claimant who has been classified as permanently partially disabled, benefits will continue during the period of that claimant's disability without the claimant being required to demonstrate ongoing attachment to the labor market.