Matter of Butler v Trustforte Corp. (2022 NY Slip Op 02593)

Matter of Butler v Trustforte Corp.

2022 NY Slip Op 02593

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

532816
[*1]In the Matter of the Claim of Simon Butler, Appellant,
v
The Trustforte Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 22, 2022

Before:Lynch, J.P., Clark, Reynolds Fitzgerald, Colangelo and McShan, JJ.

The Perecman Firm, PLLC, New York City (Edward Guldi of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, Garden City (Brian Anson of counsel), for The Trustforte Corporation and another, respondents.

Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed January 12, 2021, which ruled, among other things, that claimant was not entitled to workers' compensation benefits subsequent to June 5, 2019.
On May 8, 2018, claimant was injured when he was struck in the head by a window while working as a proofreader. His workers' compensation claim was later established for a neck injury, postconcussion syndrome and posttraumatic headaches. Claimant returned to work on June 28, 2018 and, following his return, he informed the employer that he was experiencing, among other difficulties, cognitive and memory problems and trouble walking. On July 31, 2018, claimant accepted an offer from the employer to work in a freelance capacity. His work duties were similar in that capacity but he was able to work from home and control his workload. As a freelance writer and proofreader, claimant was no longer paid a salary but was paid per assignment, with no quotas regarding the minimum or maximum number of assignments he had to complete.
On October 17, 2018, claimant's employment was terminated for reasons unrelated to his injuries. A Workers' Compensation Law Judge (hereinafter WCLJ) later found that claimant had a mild temporary disability and continued the case to determine claimant's average weekly wage and reduced earnings. Following a hearing regarding the period of time when claimant had returned to work for the employer, the WCLJ set claimant's average weekly wage but found that claimant did not demonstrate that his reduction in earnings was causally related to his compensable injuries, denying his request for a reduced earnings award in its entirety. The Workers' Compensation Board denied review of claimant's appeal of the WCLJ's reduced earnings decision due to claimant's filing of an incomplete RB-89 form but did continue the case for development of the record regarding claimant's labor market attachment subsequent to his termination. Following a hearing, the WCLJ found, as relevant here, that claimant had demonstrated an attachment to the labor market effective June 5, 2019 and awarded reduced earnings beginning on that date and going forward. Upon review, the Board modified the WCLJ's decision by finding, among other things, that claimant had not demonstrated that his reduced earnings subsequent to June 5, 2019 were causally related to his disability. Accordingly, the Board found no compensable lost time and rescinded claimant's reduced earnings awards. Claimant appeals.
We affirm. "When employment is lost due to factors other than a compensable injury, the claimant bears the burden of establishing that his or her disability contributed to any subsequent reduction in earnings" (Matter of Tawil v Fallsburg Cent. Sch. Dist., 106 AD3d 1314, 1315 [2013] [citations omitted]; see Matter of Launer v Euro Brokers, 115 AD3d 1130, 1130-1131 [2014], lv denied 23 NY3d 906 [2014]). "The issue of whether a claimant's reduced earnings are causally [*2]related to the work-related injury is a factual one for the Board to resolve, and its findings will not be disturbed if supported by substantial evidence" (Matter of Fisher v Bothar Constr., 49 AD3d 1042, 1043 [2008] [citations omitted]; see Matter of Woodruff v Phelps Sungas, Inc., 137 AD3d 1345, 1346 [2016]).
According to claimant, the medical restrictions due to his work-related disability include not lifting any heavy objects, having to take several breaks during the day due to fatigue and limited mobility that requires the use of a cane and necessitates working in either a wide-open workspace or remotely. The record reflects that claimant applied for numerous jobs involving writing, proofreading and editing, which, according to claimant, were either similar to or easier than the job he held with the employer.[FN1] Claimant testified that he did perform editing and writing work for employers for pay during the time period in question and that he had turned down some offers of volunteer employment and accepted others. There is no indication in the record that claimant advised potential employers about his disability-related restrictions or that his ability to work is in any way impaired by his disability, and there is no proof that any potential employers refused to hire him due to his disability. Under these circumstances, we conclude that the Board's determination that claimant failed to demonstrate that his reduced earnings are attributable to his disability is supported by substantial evidence, and it therefore will not be disturbed (see Matter of Tawil v Fallsburg Cent. Sch. Dist., 106 AD3d at 1315-1316; Matter of Smith v Consolidated Edison Co. of N.Y., Inc., 68 AD3d 1299, 1300-1301 [2009]; Matter of Fisher v Bothar Constr., 49 AD3d at 1044). Claimant's remaining contentions have been considered and found to be without merit.
Lynch, J.P., Reynolds Fitzgerald, Colangelo and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant had earlier testified that he was only applying for jobs that were easier than his prior job due to cognitive issues and problems with his memory. The Board rejected that testimony, relying on language contained in many of his applications submitted after June 5, 2019 that emphasized that claimant is "unfazed by hefty workloads and busy newsrooms," "a highly motivated team player who enjoys collaborating with several different teams while juggling multiple tasks" and "able to manage multiple projects and meet deadlines." The Board, as the sole arbiter of witness credibility (see Matter of Dixon v Almar Plumbing, 111 AD3d 1230, 1231 [2013]), was entitled to reject claimant's testimony based upon this language and conclude that his applications did not reflect that he was only applying for jobs that would allow for any work-related cognitive limitations or problems with his memory.