Matter of Wein v Burnt Hills Ballston Lake Sch. (2022 NY Slip Op 07103)

Matter of Wein v Burnt Hills Ballston Lake Sch.

2022 NY Slip Op 07103

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

532581
[*1]In the Matter of the Claim of Lori Wein, Appellant,
v
Burnt Hills Ballston Lake Schools et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 18, 2022

Before:Egan Jr., J.P., Clark, Ceresia and Fisher, JJ.

Buckley, Mendleson, Criscione & Quinn, PC, Albany (Brendan G. Quinn of counsel), for appellant.
Sullivan Keenan & Oliver, LLP, Albany (John M. Oliver of counsel), for Burnt Hills Ballston Lake Schools and another, respondents.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed November 19, 2020, which ruled, among other things, that claimant voluntarily removed herself from the labor market.
In April 2016, claimant, a high school physical education teacher, suffered work-related injuries to her right shoulder, right elbow, neck and a tooth, as well as a concussion and postconcussive syndrome, after colliding with a student while teaching, and her claim for workers' compensation benefits was established. Claimant's treating physician cleared her to return to work effective November 15, 2017. Claimant briefly returned to work at that time but had to stop working due to a medical condition that was unrelated to her workplace injuries. Claimant ultimately retired from her position as a physical education teacher in June 2018 without ever again returning to work at that position.
In October 2019, claimant's counsel advised the Workers' Compensation Board that claimant had begun working in a part-time capacity on August 27, 2019 and requested a hearing to address reduced earnings and permanency. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had voluntarily removed herself from the labor market effective November 15, 2017 and that she was ineligible for benefits for lost time from November 15, 2017 to August 27, 2019. The WCLJ further determined that claimant has a temporary partial disability, had reattached herself to the labor market effective August 27, 2019, and that she was entitled to reduced earnings awards from that date going forward. Upon appeal, the Workers' Compensation Board modified the WCLJ's determination by reversing the finding that claimant had reattached to the labor market in August 2019 and concluded that claimant was not entitled to receive reduced earnings awards from August 27, 2019 going forward, but otherwise affirmed. Claimant appeals.
We affirm. Initially, we reject claimant's contention that the Board's finding that she had voluntarily removed herself from the labor market in November 2017 was not supported by substantial evidence. Claimant's physician released her to return to work as a physical education instructor at that time, reporting that claimant was "feeling much better," that her motion and strength were "improving nicely" and that he would only need to see claimant "as needed" going forward. The record reflects that claimant returned to work briefly before informing the employer that she could not continue working due to an unrelated health issue. Although claimant testified that she was not able to continue to work at that time due to her 2016 injuries, and that her treating physician merely released her to return to work as a favor to claimant so she would not lose her job, "the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Rivera v Joseph L. Balkan[*2], Inc., 193 AD3d 1214, 1215 [3d Dept 2021] [internal quotation marks and citation omitted]).
"When employment is lost due to factors other than a compensable injury, the claimant bears the burden of establishing that his or her disability contributed to any subsequent reduction in earnings" (Matter of Butler v Trustforte Corp., 204 AD3d 1263, 1264 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Launer v Euro Brokers, 115 AD3d 1130, 1130-1131 [3d Dept 2014], lv denied 23 NY3d 906 [2014]; Matter of Tawil v Fallsburg Cent. Sch. Dist., 106 AD3d 1314, 1315 [3d Dept 2013]). "The issue of whether a claimant's reduced earnings are causally related to the work-related injury is a factual one for the Board to resolve, and its findings will not be disturbed if supported by substantial evidence" (Matter of Fisher v Bothar Constr., 49 AD3d 1042, 1043 [3d Dept 2008] [citations omitted]; see Matter of Butler v Trustforte Corp., 204 AD3d at 1264; Matter of Woodruff v Phelps Sungas, Inc., 137 AD3d 1345, 1346 [3d Dept 2016]).
Claimant returned to work part time in August 2019, working as an adjunct professor at a college, teaching a class for physical education instructors. The record contains a medical report dated March 3, 2020 from a physician who examined claimant on behalf of the employer's workers' compensation carrier, in which he outlined certain work restrictions related to claimant's 2016 injuries, including avoiding the use of her right shoulder above shoulder height, the avoidance of repetitive motions of the cervical spine and prolonged sitting or standing, as well as restrictions on lifting, pushing or pulling objects weighing more than 15 to 20 pounds. Despite this, claimant testified that she only wants to work in the physical education field and that she has not sought full-time work since she left her job in November 2017, nor has she participated with any job location services or vocational rehabilitation services. Further, there is no proof that any potential employers refused to hire claimant due to her injuries or restrictions. Under these circumstances, we find that claimant has not demonstrated that her 2016 work-related injuries have contributed to her reduction in earnings and the Board's decision will not be disturbed (see Matter of Tawil v Fallsburg Cent. Sch. Dist., 106 AD3d at 1315; Matter of Smith v Consolidated Edison Co. of N.Y., Inc., 68 AD3d 1299, 1301 [3d Dept 2009]).
Egan Jr., J.P., Clark and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.